RECEIVED
USDC CLERK, CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2006 DEC 18  P 1: 24

**Vincent L. Barr,** # 245797,  ) C/A No. 2:06-3481-CMC-RSC
)
              Plaintiff,  )
)
vs.  ) Report and Recommendation
)
Williamsburg Co;  )
Stanley Pasely;  )
Sheriff Kelvin Washington; and  )
Officer Shannon Coker,  )
)
              Defendant.  )

This is a civil rights action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently confined at the Williamsburg County Detention Center pending trial on probation violation charges. He has not paid the $350.00 filing fee in this case, and has requested to proceed without prepayment of the fee by the filing of a Statement of Assets indicating that he has no funds available to pay the fee. (Entry 2).

In the Complaint filed in this case, Plaintiff asks this Court to award him compensatory damages and injunctive relief based on allegations that his life has been placed in danger and that he has suffered physical and mental injuries due to the actions of Defendants. Plaintiff claims that he volunteered to become an informant for the Williamsburg County Sheriff's Office, but that he was not properly protected by Defendants when they used him in that capacity to inform on "drug dealers." He claims that his identity as an informant was made known within the small Williamsburg County community and that he has suffered from several physical attacks and threats since he became an informant, but that Defendants have been indifferent to his safety. Plaintiff acknowledges that since he was recommitted to the Williamsburg County

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Detention Center on November 4, 2006 on probation violation charges, he has been held in protective custody.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is not necessary for the Court to reach the issues presented in Plaintiff's Complaint because it is clear that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g) [the "three strikes provision" of the Prison Litigation Reform Act].[2] It is judicially noticed that this Plaintiff has filed three (3) prior

---

[2] 28 U.S.C. § 1915(g) provides:

frivolous cases in this Court since 2002, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 2:02-1060-CMC; 2:05-1725-CMC; 2:06-2201-CMC. The "three-strikes rule" is a Congressional enactment that applies nationwide, and was not a judicially-created rule. By enacting the statute in which the rule is established, Congress determined that, except under very limited circumstances, prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation without full payment of the filing fee. *See* 28 U.S.C. § 1915(g); Green v. Nottingham, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively); *cf.* In re Sargent, 136 F.3d 349 (4th Cir. 1998).

The limited exception to this bar is where "the prisoner is under imminent danger of serious physical injury." Obviously being aware of the potential three-strikes bar to his claims, as stated earlier, Plaintiff includes allegations in Complaint about his having been attacked and threatened while he was out of jail prior to November 4, 2006 and claims that he is still "in fear" despite his acknowledgment that he is currently in protective custody. Whether these claims are true or not, they fails to set forth a claim that he is "under imminent danger of serious physical injury" (emphasis added) as required under 28 U.S.C. § 1915(g) because the actions giving rise to the claims (the attacks and threats giving rise to the alleged "fear") occurred over at least two months ago, while Plaintiff was out of jail. Since Plaintiff is now being kept in "solitary confinement" and "protective custody," the alleged beatings and threats from others are

---

(g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

(emphasis added).

3

obviously not occurring at the present time and are not placing Plaintiff in any "imminent danger" whatsoever. The United States Court of Appeals for the Second Circuit has held that in using the present tense in § 1915(g) and also the term "imminent" (meaning "impending"), Congress intended that "the danger must exist at the time the complaint is filed." The "imminent danger" exception does not apply to "those harms that had already occurred." The Second Circuit also noted unanimity among the federal circuits addressing this issue. Malik v. McGinnis, 293 F. 3d 559, 561-62 (8th Cir. 2002)(citing Abdul-Akbar v. McKelvie, 239 F. 3d 307, 323 (3rd Cir. 2001)); Medberry v. Butler, 185 F. 3d 1189, 1193 (11th Cir. 1999); Banos v. O'Guin, 144 F. 3d 883, 884 (5th Cir. 1998). Because there are no facts showing that the "imminent danger" exception should apply, Plaintiff is barred by the three-strikes rule from pursuing in this Court any of the claims contained in his Complaint unless he pays the full filing fee up front.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

*/s/ Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

December 18, 2006
Charleston, South Carolina

4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).